**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-01877-MSK-MEH

**S. JAWN ROSS; and
S. JAWN ROSS, PC,**

   **Plaintiffs,**

**v.**

**JULIA YAGER,
RYAN YAGER, and
JOHN AND JANE DOES 1-5,**

   **Defendants.**

_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to Defendants Julia and Ryan Yager's

Motion to Dismiss **(# 55)**, the Plaintiffs' response **(# 56)**, and the Defendants' reply **(# 57)**.

## FACTS

According to the Amended Complaint **(# 39)**, Ms. Ross is an attorney, practicing through

the Plaintiff professional corporation. In or about 2007, she represented the former spouse of

Defendant Julia Yager in a divorce proceeding. She contends that, between August 2010 and

July 2011, Ms. Yager (and perhaps Defendant Ryan Yager) made certain posts on internet

message boards and other fora disparaging Ms. Ross. In general, the posts consisted of: (i)

several posts on the website judysbook.com, stating that Ms. Ross is "unethical and immoral,"

"dishonest," etc.; (ii) a post on insiderpages.com, purporting to be "a professional listing

authorized by Ross P.C.," containing "an unflattering photo of an individual purporting to be Ms.

1

Ross"; and (iii) postings "impersonat[ing] former clients" and "setting forth derogatory remarks" (that are not quoted but are characterized as "like those described above"), made to the "reviews" sections of the websites legal.com and yellowpages.com.  Based on these allegations, the Plaintiffs assert three claims for relief: (i) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), in that the Plaintiffs "falsely represented their identities and also appear to have impersonated Plaintiffs" while making false representations as to the nature or quality of the Plaintiffs' services; (ii) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, in that the Defendants engaged in "intentional access to a protected computer without authorization"; and (iii) a claim for common-law libel, apparently under Colorado law.

The Defendants move **(# 55)** to dismiss the Lanham Act and CFAA claims, arguing: (i) with regard to the Lanham Act claim, the Amended Complaint fails to identify postings that could be considered "commercial advertising and promotion" by the Defendants; and (ii) with regard to the CFAA claim, the Plaintiffs' allegations are insufficiently conclusory, fail to allege access to a "protected computer," and fail to adequately allege that the Plaintiffs suffered sufficient economic damages.  In response **(# 56)**, the Plaintiffs withdrew the Lanham Act claim as against the Yagers, but argued that the CFAA claim was sufficiently pled.

## ANALYSIS

**A.  Standard of review**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d

1226, 1236 (10th Cir. 1999). The Court must limit its consideration to the four corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute.[1] *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions as true and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

**B. Computer Fraud & Abuse Act**

The Plaintiffs' CFAA claim is brought pursuant to 18 U.S.C. § 1030(a)(5)(C), which provides for liability where a person "intentionally accesses a protected computer without

---

[1]The Plaintiffs have submitted an affidavit in support of their response to the Defendants' motion to dismiss. That affidavit elaborates on the nature of the Plaintiffs' claimed injuries. The Court need not address whether that affidavit is appropriate to consider on a Rule 12(b)(6) motion, as it does not reach the question of the sufficiency of the Plaintiff's allegations of injury.

authorization, and as a result of such conduct, causes damage and loss."[2]  The statute defines

"protected computer" as any computer "which is used in or affecting interstate or foreign

commerce or communication."  18 U.S.C. § 1030(e)(2)(B).  The term "without authorization" is

not statutorily defined, but a similar phrase, "exceeds authorized access," is defined to mean "to

access a computer with authorization and to use such access to obtain or alter information in the

computer that the accesser is not entitled so to obtain or alter."  18 U.S.C. § 1030(e)(6).

It is unclear which of the Defendants postings are the basis of the Plaintiffs' CFAA

claims – that is, whether the Plaintiffs are claiming that the Defendants' allegedly defamatory

"reviews" reflect some form of "unauthorized access" by the Defendants of websites such as

judysbook.com, legal.com, and yellowpages.com, or whether the Plaintiffs are contending that

the Defendants exceeded the access authorized to them by insiderpages.com to post the false

"advertisement" of the Plaintiffs' business (or both).  Ultimately, the Court need not resolve this

question because the Amended Complaint contains no allegations setting forth the nature and

extent of the authorization granted by these websites to the Defendants, nor any explanation as to

how the Defendants' conduct exceeded any such authorization.

Other than the conclusory use of the term "without authorization" in the Plaintiffs'

recitation of the CFAA claim (paragraph 27 of the Amended Complaint), the term

"authorization" appears only twice in the Amended Complaint, both times referencing the fact

that the **Plaintiffs** did not authorize the Defendants to make the postings in question.  *See* Docket

# 39, ¶ 15 ("These postings were not authorized by Plaintiffs"), ¶ 16(e) ("the page is made to

---

[2]18 U.S.C. § 1030(g) provides for a civil claim by "any person who suffers damage or
loss by reason of a violation of this section."

appear as if it is a professional listing authorized by Ross P.C.").  It appears that Plaintiffs' claim

for violation of  18 U.S.C. § 1030(a)(5)(C) is based solely on acts that were not authorized by the

Plaintiffs.

The CFAA, however, does not concern itself with authorization by a person impacted by

the action.  Instead, it  is focused on whether a computer user's "access" to a computer system is

"authorized" by the owner or administrator of that computer system.  *See e.g. Shamrock Foods*

*Co. v. Gast*, 535 F.Supp.2d 962, 966 (D. Ariz. 2008), *citing   Int'l Ass'n of Machinists and*

*Aerospace Workers v. Werner-Masuda,* 390 F.Supp.2d 479, 495 (D.Md. 2005) (explaining that

1986 amendments to the CFAA narrowed scope of "authorization" element).  Thus, in the

absence of specific factual allegations describing the degree of authorization that websites such

as judysbook.com, insiderpages.com, legal.com, and yellowpages.com extended to the

Defendants to make postings on those sites, and allegations indicating that the Defendants acted

beyond those levels of authorization, the allegations of Plaintiffs' CFAA claim is insufficient.[3]

Accordingly, the CFAA claim is dismissed.

Although it is conceivable that the Plaintiffs could remedy this defect through more

specific pleading, the Court declines to reflexively grant them leave under Fed. R. Civ. P. 15(a)

to do so.  The Plaintiffs have already amended their Complaint once as of right, and thus, all

---

[3]The Court does not understand the Plaintiffs to be contending that the Defendants "hacked" into these sites using "unauthorized" means of access, such as compromising security holes, compromising password protections, etc., and then proceeded to make the offending postings.  Rather, the Court infers from the allegations that the Defendants simply created accounts at the various sites, perhaps using pseudonyms or other false identifying information, and then made the offending posts using the same level of posting authorization that the sites extend to all registered users.  The Court has some doubt that the latter situation can ever constitute a CFAA violation, but it need not address that issue at this time.

further amendments under Rule 15(a)(2) must be by leave of the Court.  Such leave will not be granted without a showing that the amendment will not be futile.  *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).  As the footnote referenced above suggests, the Court has some doubt that the Plaintiffs can allege facts sufficient to show that the Defendants' access to the computer systems in question was "unauthorized" by those systems' administrators.  If the Plaintiffs believe they can make such allegations consistent with the requirements of Fed. R. Civ. P. 11(b)(1)-(3), they may file an appropriate request for leave to amend.

Because all of the Plaintiffs' claims against the Defendants under federal law have been disposed of, the Court turns to the question of whether it should nevertheless exercise supplemental jurisdiction over the Plaintiffs' state-law defamation claim.  Federal court jurisdiction is intended to have a limited reach, and 28 U.S.C. § 1367(c)(3) expressly contemplates that courts may decline to exercise supplemental jurisdiction over cases in which all federal causes of action have been dismissed.  The Court sees nothing in this case that would warrant the continued exercise of federal jurisdiction over purely state-law claims, and the Plaintiffs have not argued any such justification.  Accordingly, the Court dismisses the Plaintiffs state-law defamation claims for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the Yagers' Motion to Dismiss **(# 55)** is **GRANTED**.  The

Plaintiffs' CFAA claim is **DISMISSED** without prejudice, and their state-law defamation claim is **DISMISSED** for lack of subject-matter jurisdiction.  There being no cognizable claims against the only defendants to have been served herein, the Clerk of the Court is directed to close this case.

    Dated this 6th day of November, 2012

                                        **BY THE COURT:**

                                        _____
                                        Marcia S. Krieger
                                        United States District Judge